UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CR00160AGF |
| | ) | |
| CURSTAN STIFF, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge David D. Noce under 28 U.S.C. § 636(b). Defendant Curstan Stiff made an oral motion to suppress at the time of his arraignment (Doc. No. 15), and also filed a motion to suppress physical evidence (Doc. No. 31). The United States made an oral motion for a determination of the admissibility of any arguably suppressible evidence (Doc. No. 16 – oral).

In his written motion to suppress physical evidence, Defendant argued that the anticipatory search warrant issued by the Magistrate Judge was unlawfully executed; that the investigators lacked reasonable suspicion to stop Defendant's vehicle; that the use of a canine to conduct a dog sniff, which provided probable cause to search the vehicle, was impermissible because the initial stop was unlawful; that the investigatory stop constituted an unlawful seizure because the investigators unreasonably prolonged the stop; and that the search and seizure of Defendant's cell phone was unlawful. The United States responded to the motion, opposing each of Defendant's arguments. With respect to the cell phone that was seized, however, the government has asserted that it has not been searched, and

that no warrant to search the phone will be requested because it is believed that without the password, the device cannot be searched. As such the government requests that the motion to suppress evidence from the cell phone be denied as moot. (Doc. No. 38.) The case is set for trial on April 1, 2019.

Judge Noce conducted an evidentiary hearing on September 5, 2018. A transcript of the hearing was prepared, and the parties filed post-hearing memoranda. On December 10, 2108, Judge Noce issued an Order and Recommendation ("R&R"), recommending that Defendant's motions to suppress physical evidence be denied, but that any statements in response to interrogation should be suppressed. (Doc. No. 52.) Defendant filed a general objection, objecting to the findings of the Magistrate Judge "for all of the reasons set forth in the underlying motions, and the evidence adduced at the evidentiary hearing in this matter," without any further specification or basis. (Doc. No. 54.) The United States did not object to the recommendation that any statements made in response to interrogation be suppressed.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the testimony and evidence at the hearing and a review of the parties' memoranda. Based on that review, the undersigned concludes that the Magistrate Judge made proper

factual findings and correctly analyzed the issues. For the reasons set forth more fully in the R&R, the Court finds that the anticipatory search warrant was properly issued and executed at the residence. In this regard, the Court notes that the triggering event had occurred, which provided probable cause to search the residence not only for the package, but also for the other items identified on the List. The Court also finds that the inspector conducted a valid investigatory stop of the Defendant's Suburban vehicle, based on reasonable suspicion. Further, the inspector had reasonable grounds to conduct a pat down, and was justified in seizing the currency and torn piece of the mailing label found during the pat down. Finally, the Court finds that the investigatory stop of the Suburban was not unduly prolonged for the canine sniff, and that the officers had probable cause to search the vehicle. Thus, after careful consideration, the Court will overrule Defendant's objections, and will adopt and sustain the factual findings and the thorough reasoning of Magistrate Judge Noce set forth in support of his recommended ruling.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge [Doc. No. 52] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Physical Evidence [Doc. Nos. 15 and 31] is **DENIED**.

---

[1] The Court agrees that any motion to suppress evidence from the cell phone should be denied as moot.

**IT IS FURTHER ORDERED** that the oral motion of the United States for a determination of the admissibility of any arguably suppressible evidence [Doc. No. 16] is **DENIED as moot**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2019.